UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHIRLEY L. ROBINSON,

        Plaintiff,                          Case No. 3:15-cv-21

vs.

COMMISSIONER OF                    District Judge Walter H. Rice
SOCAL SECURITY,                     Magistrate Judge Michael J. Newman

        Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and thus unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record (doc. 6),[2] and the record as a whole.

**I.**

**A. Procedural History**

Plaintiff filed for SSI on February 11, 2011. PageID 340-46. She suffers from a number of impairments including, *inter alia*, depression, anti-social personality disorder, borderline intellectual functioning ("BIF"), and back pain. PageID 79.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After initial denial of her application, Plaintiff received hearings before ALJ James Knapp on October 10, 2012 and February 8, 2013. PageID 59-89. On March 6, 2013, the ALJ issued a written decision finding Plaintiff not disabled. PageID 74-91. Specifically, the ALJ found that:

1. The claimant has not engaged in substantial gainful activity since February 11, 2011, the date of her application for [SSI] (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: depressive disorder NOS (not otherwise specified), anti-social personality disorder, [BIF], lumbosacral plexopathy (without motor deficit) (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. The claimant lacks the residual functional capacity ["RFC"] to: (1) lift more than 50 pounds occasionally and 25 pounds frequently, (2) perform other than simple, repetitive tasks with no complex or detailed instructions, (3) perform tasks involving contact with the general public, or (4) perform tasks that involve more than occasional contact with supervisors or co-workers (a restriction that includes not having to work as part of a team on work projects). She retains the [RFC] to at least do work requiring up to and including sixth grade reading skills.

5. The claimant is capable of performing [her] past relevant work (20 CFR 416.965).

6. The claimant has not been disabled, as defined in the Social Security Act, since February 11, 2011, the date the application was filed (20 CFR 416.920(f)).

PageID 79-91.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 58-63. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir.

2

2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

B. **Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 76-79, 80-84, 86-90. Plaintiff, in her Statement of Errors, also summarizes the evidence. Doc. 8 at PageID 2007-16. The Commissioner's response to Plaintiff's Statement of Errors refers the Court to the ALJ's recitation of relevant evidence and offers no objections to Plaintiff's summary of relevant facts. Doc. 10 at PageID 2030. Accordingly, except as otherwise noted in this Report and Recommendation, the undersigned incorporates the ALJ's recitation of evidence as well as Plaintiff's undisputed summary of the evidentiary record. Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

A. **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff

disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To qualify for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 1382c(a)(3)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are "medically determinable"; expected to result in death or which have lasted or can be expected to last for a continuous period of not less than twelve months; and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful work" that is available in the regional or national economies. *Id*. §§ 1382c(a)(3)(A), (B).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3.  Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4.  Considering the claimant's RFC, can he or she perform his or her past relevant work?

5.  Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). Claimants bear the ultimate burden of showing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred: (A) by improperly assigning little weight to the opinion of her treating physician Martin Schear, M.D., and instead relying on opinions from record reviewing physicians David Brock, D.O. and Maria Congbalay, M.D. when determining her physical limitations; (B) by giving little weight to the opinions of examining psychologists Donald Kramer, Ph.D. and Mary Ann Jones, Ph.D., and instead relying on the opinion of record reviewing psychological expert Mary Eileen Buban, Psy.D. when determining her mental limitations; and (C) in finding her statements concerning her activities of daily living not credible. Doc. 8 at PageID 2017-26.

    A.    **Medical Source Opinions**

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id*. "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants

5

only once." *Id*. "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original). This requirement is known as the "treating physician" rule. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir.2009) (citation omitted). Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2); *see also Blakley*, 581 F.3d at 406. Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the treating physician's opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakley*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be

6

sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id*.

Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406; *see also* 20 C.F.R. § 416.927(c). In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

The Court acknowledges that an ALJ is not required to accept a physician's conclusion that his or her patient is "unemployable." Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's opinion -- that his or her patient is disabled -- is not "give[n] any special significance." 20 C.F.R. § 416.927; *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician"). However, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

### 1. Medical Opinions Concerning Plaintiff's Physical Limitations

The record contains medical source opinions from at least four physicians concerning Plaintiff's physical limitations, including opinions from: (1) record reviewing physician Sarah

Long, M.D. on May 18, 2010; (2) record reviewing physician Dr. Brock dated May 31, 2011; (3) record reviewing physician Dr. Congbalay dated November 17, 2011; and (4) treating physician Dr. Schear on October 5, 2012.  PageID 187-91, 203-04, 1226-32, 1904-08.  In this case, the ALJ relied significantly on Dr. Long's opinion, in which she concluded -- based on her finding that Plaintiff's file lacked "longitudinal evidence to support her extreme limitations of not being able to lift anything or walk for any period of time" -- that Plaintiff could lift 25 pounds frequently and 50 pounds occasionally; and stand, walk and/or sit for 6 hours per workday.  PageID 1226.

Approximately two and a half years later, on October 5, 2012, Dr. Schear opined that Plaintiff was limited to sedentary work.  PageID 1908.  Specifically, he opined that, among other postural and environmental limitations, Plaintiff could: (1) lift and carry 10 pounds occasionally and 5 pounds frequently; (2) stand and/or walk for 4 hours in an 8 hour workday, and for only 30 minutes without interruption; and (3) sit for 4 hours in an 8 hour workday, and for 2 hours without interruption.  PageID 1905.  Significantly, Dr. Schear stated that Plaintiff's lifting, carrying, environmental and postural limitations all arose from her carpal tunnel syndrome. PageID 1904-08.

> The ALJ gave Dr. Schear's opinion "very little weight" because:
>> There is no objective medical evidence or clinical findings to substantiate the extent of limitation described by Dr. Schear.  Specifically, there is no evidence whatsoever of carpal tunnel syndrome nor is there evidence of musculoskeletal or neurological impairment that would result in the degree of functional limitation described by Dr. Schear.  The claimant, herself, testified that she is able to sit without significant limitation.  Dr. Schear's conclusions can only be based on the claimant's self-reported symptoms[.]

PageID 88.  Thus, the ALJ rejected Dr. Schear's opinion largely on the basis of his finding that the record contains no objective or clinical findings of carpal tunnel syndrome.  But, as pointed

8

out by Plaintiff, the ALJ's conclusion in this regard simply is not a correct statement of the record. *See* doc. 8 at PageID 2014-15, 2017-18.

Significantly, treatment records in 2012 -- *i.e.*, approximately two years after Dr. Long's assessment -- indicate positive Phalen/Tinel signs, *see* PageID 1642, 1752-53,[3] which constitute objective evidence and/or clinical findings of carpal tunnel syndrome. *See Fletcher v. Colvin*, No. 0:12-CV-02888-DCN, 2014 WL 1252913, at *8 (D.S.C. Mar. 26, 2014) (finding that "the ALJ's statement regarding a lack of objective clinical and physical findings" with regard to carpal tunnel syndrome was not supported by substantial evidence where the record revealed positive Phalen/Tinel findings); *Piatt v. Barnhart*, 225 F. Supp. 2d 1278, 1285 (D. Kan. 2002) (finding error where "the ALJ's finding ignored . . . clinical findings . . . for carpal tunnel" such as "a 'positive Tinel's' and 'positive Phalen's'"). In addition, the record is replete with findings of restricted range of motion and/or pain with motion in Plaintiff's left wrist. PageID 1663, 1699, 1709, 1753, 1995. Based on the foregoing, the ALJ's complete rejection of limitations related to carpal tunnel syndrome renders the RFC determination unsupported by substantial evidence. Accordingly, the non-disability finding should be reversed.

Additionally, the undersigned finds merit to Plaintiff's argument that the ALJ improperly relied on opinions of record-reviewers because those opinions predate significant evidence in the record, including a number of objective tests concerning Plaintiff's back and knee conditions. *See* PageID 1730 (diagnostic imagining in March 2012 indicating spondylosis and "increased

---

[3] PageID 1752-53 is a report authored by Bruce Kay, M.D., who personally examined Plaintiff in January 2012. Despite Dr. Kay clearly noting objective and/or clinical findings of carpal tunnel syndrome -- including "positive Tinel and Phalen" as well as "[d]ecreased range of motion" and "severe tenderness in the snuffbox" -- the ALJ, in referencing Dr. Kay's diagnosis of "bilateral hand carpal tunnel syndrome, probable[,]" inexplicably concludes that Dr. Kay's diagnosis "appears to have been based on [Plaintiff's] subjective complaints rather than objective medical evidence or clinical findings." PageID 80. The ALJ's finding in this regard is unsupported by substantial evidence.

degenerative change" at L3/L4); 1731 (diagnostic imagining in March 2012 showing the possibility of "small underlying left-sided joint effusion" in Plaintiff's left knee); 1741 (noting in April 2012 that Plaintiff had an x-ray showing "arthritis of the left knee" and that she presented with a swollen left knee and "edema and decreased range of motion" in her left ankle). The undersigned's review of the ALJ's decision reveals no discussion of these particular findings.[4]

Accordingly, the ALJ's reliance on the opinions of record reviewing physicians Brock, Congbalay and Long is unsupported by substantial evidence. *See Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 642 (6th Cir. 2013) (stating that "[w]hen an ALJ relies on a non-examining source who 'did not have the opportunity to review' later submitted medical evidence, especially when that evidence "reflects ongoing treatment," we generally require 'some indication that the ALJ at least considered these [new] facts before giving greater weight to an opinion that is not based on a review of a complete case record'") (citing *Blakley*, 581 F.3d at 409; *Fisk v. Astrue*, 253 F. App'x 580, 585 (6th Cir. 2007)).

    **2.**  **Medical Opinions Concerning Plaintiff's Mental Limitations**

The record contains medical source opinions from a number of mental health professionals concerning Plaintiff's mental limitations, including opinions from: (1) examining psychologist Dr. Kramer; (2) examining psychologist Dr. Jones; and (3) record-reviewing psychologist Patricia Semmelman, Ph.D.; (4) record reviewing psychiatrist Cynthia Waggoner, Psy.D.; (5) record reviewing psychologist Douglas Pawlarczyk, Ph.D.; and (6) testimony from record reviewing psychological expert Dr. Buban. PageID 114-21, 153-66, 191, 204, 1217-24, 1263-75, 1482-89. The undersigned's review of the ALJ's analysis in this regard reveals

---

[4] In addition, an EMG of Plaintiff's back in October 2012 "objectively confirmed" the presence of "[l]umbar radiculopathy." PageID 1987. The ALJ references this record in the decision, but only to note the presumptive diagnosis of lumbosacral plexopathy without motor deficit. *See* PageID 81.

procedural compliance regarding the weighing of opinions, and evidence of record supports the ALJ's conclusion.

However, given the significant disparity between the purportedly disabling opinions of the examining psychologists (*i.e.*, the medical sources who actually examined Plaintiff), *see* PageID 1217-24, 1489-89, versus the non-disabling opinions of the mental health professionals who only reviewed her records, *see* PageID 114-21, 153-66, 191, 204, 1263-75, and since remand is required based upon the ALJ's error in assessing Plaintiff's physical limitations, *see supra*, the ALJ should assess Plaintiff's mental limitations anew on remand.

### B. Characterization of Plaintiff's Daily Activities

The undersigned makes no finding concerning the ALJ's analysis of Plaintiff's daily activities and/or her credibility. Because the undersigned concludes that a remand is required to appropriately assess Plaintiff's RFC, the undersigned directs the ALJ to reassess Plaintiff's daily activities and credibility anew on remand.

### IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990). The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming. *Faucher*, 17

F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

Here, evidence of disability is not overwhelming. Accordingly, the undersigned concludes that remand for further proceedings is proper so that the ALJ can properly assess all opinion evidence of record and determine anew Plaintiff's RFC, including both mental and physical limitations.

V.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.


Date:  February 4, 2016                             *s/ Michael J. Newman*
                                                    Michael J. Newman
                                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).